UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 03-166-KSF

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                       **OPINION & ORDER**

SEAN R. FRANCIS                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Sean R. Francis, to clarify the terms of his supervised release [DE #58]. This matter is fully briefed and is ripe for review. The issue in this case is whether Francis' supervised release should be tolled while awaiting a determination from the United States District Court for the Eastern District of North Carolina under 18 U.S.C. § 4248 that he is a sexually dangerous person that should be civilly committed past the expiration of his sentence.

**I.    THE ADAM WALSH CHILD PROTECTION AND SAFETY ACT OF 2006**

The Adam Walsh Act authorizes civil commitment of a person in federal custody, including an offender about to complete a prison sentence, if the government establishes by clear and convincing evidence that he is a "sexually dangerous person." *See* 18 U.S.C. § 4248. According to the statute, civil commitment of a person "in custody of the Bureau of Prisons" is appropriate if that individual (1) has previously "engaged or attempted to engage in sexually violent conduct or child molestation," (2) currently "suffers from a serious mental illness, abnormality, or disorder," and (3) "as a result of" that mental illness, abnormality, or disorder is "sexually dangerous to others," in that

1

"he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. 4247(a)(5)-(6).

In order to detain such a person under § 4248, the government must certify to the federal district court that the prisoner meets the criteria listed above. Once the certification is filed, the statute automatically stays the prisoner's release from prison, 18 U.S.C. § 4248(a), until an evidentiary hearing can be held. The statute requires that the prisoner "shall be represented by counsel," and have "an opportunity" at the hearing "to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine" the government's witnesses. 18 U.S.C. §§ 4247(d), 4248(c).

At the hearing, the government must prove its claims "by clear and convincing evidence." If it meets this burden, then the district court will order the prisoner's continued confinement in "the custody of the Attorney General," who must "make all reasonable efforts to cause," the state where that person was tried, or the state where he is domiciled, to "assume responsibility for his custody, care, and treatment." 18 U.S.C. § 4248(d). If either state is willing to assume that responsibility, then the Attorney General "shall release" the individual "to the appropriate official" of that state. 18 U.S.C. § 4248(d). However, if "notwithstanding such efforts, neither state will assume such responsibility," then "the Attorney General shall place the person for treatment in a suitable [federal] facility." *Id*.

While in the custody of the Attorney General pursuant to a § 4248 commitment order, the statute requires the director of the facility to which the person is committed to prepare annual reports on the mental condition of the person and whether the need for the person's continued commitment persists. *Id*. at 4247(e)(1)(B). These reports must be filed with the district court that ordered the

person's commitment. *Id.*

Discharge from civil commitment may be effected in several ways. First, when the director of the facility determines that "the person's condition is such that he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen" of care or treatment for his condition, the director "shall promptly file a certificate to that effect" with the district court." *Id*. at 4248(e). The court then "shall order the discharge" or, on the government's motion or the court's own initiative, hold a hearing to determine whether discharge is appropriate. *Id*. Additionally, counsel for the committed person or a legal guardian may move for discharge and, if denied, renew that motion repeatedly every 180 days after a denial. *Id*. at 4247(h).

At this discharge hearing, the prisoner must be afforded the same rights to counsel, present evidence, and to subpoena and cross-examine witnesses as afforded him at the commitment hearing. If a court finds by a preponderance of the evidence" that the prisoner is no longer sexually dangerous to others if released unconditionally or if released under a prescribed regimen of treatment, then the court must order the appropriate discharge. *Id*. at 4248(e).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2004, Francis entered a plea of guilty to three counts of making interstate threatening communications, in violation of 18 U.S.C. § 875(c), and one count of extortion, in violation of 18 U.S.C. § 875(b). He was subsequently sentenced on September 19, 2005 to a term of seventy months imprisonment followed by a three year supervised release term [DE #39]. Francis completed his term of imprisonment and was released subject to the terms of his supervised release.

Francis was back before this Court on September 4, 2009 to answer to charges that he violated the terms of his supervised release. Based on Francis' stipulation to the charges, the Court

3

revoked his supervised release [DE #51]. Francis was then sentenced to an additional term of six months imprisonment to be followed by a twelve month term of supervised release [DE #53].

Francis completed his six month sentence on February 4, 2010. However, on February 2, 2010, the government, pursuant to § 4248, filed its certificate with the United States District Court for the Eastern District of North Carolina alleging that Francis is a sexually dangerous person. Since then, Francis has remained in custody well over one year awaiting an evidentiary hearing.

### III.   FRANCIS' MOTION TO CLARIFY TERMS OF HIS SUPERVISED RELEASE

Francis now moves the Court to clarify the terms of his supervised release, such that his sentence for supervised release began on February 5, 2010. In support of his argument, Francis argues that because he has completed his sentence of imprisonment and is being held for civil commitment, he is no longer "imprisoned" and his supervised release should not be tolled.

The United States has filed its response objecting to Francis' motion [DE #60]. According to the United States, Francis has never been "released from imprisonment" and therefore his term of supervised release has not yet commenced.

### IV.   ANALYSIS

Tolling of supervised release is governed by 18 U.S.C. § 3624(e), which provides for tolling only when a person is "imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." While the Court agrees that civil commitment under §4248 does not meet this definition, the circumstances in this case are different. Francis' release from imprisonment has been delayed pending a determination of whether he should be subject to civil commitment under §4248. In other words, he has not been "released from imprisonment" as required by § 3624(e). This interpretation is supported by § 4248

itself. While the Bureau of Prisons releases most offenders as soon as they complete their prison sentences, § 4248(a) provides that a sexually dangerous person "certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." Because the government filed its certificate before Francis was due to be released, he cannot be released (because his release is automatically stayed) until a district court either civilly commits him or determines that he is not a sexually dangerous person and should be released to begin his term of supervised release.

V.     CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Francis' motion to clarify terms of supervised release [DE #58] is **DENIED**.

This May 2, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge

5